### SCHMIDT v. TERRY.

#### (Circuit Court, S. D. New York. August 3, 1901.)

JUDGMENT—TIME FOR ENTRY—NECESSITY OF ORDER OVERRULING MOTION FOR NEW TRIAL.

Where a motion for new trial has been submitted and taken under advisement, the clerk is not authorized to enter judgment until a formal order has been made by the court denying such motion; and an opinion filed by the judge denying the motion is not equivalent to such an order.

On Motion to Vacate Judgment.

The grounds upon which the motion was based appear from the following affidavits, upon the filing of which the court entered an order to show cause:

"County of New York—ss.: Herbert C. Smyth, being duly sworn, deposes and says: That he is one of the attorneys for the defendants in the above-entitled action, and has full knowledge of the same. That this was an action to recover for the loss of the services of plaintiff's infant son, who was injured through the alleged carelessness and negligence of the defendants, and was tried before Mr. Justice Wheeler and a jury, at New York City, on February 9 and 10, 1899, and resulted in a verdict for plaintiff for the sum of one thousand dollars ($1,000). That upon the coming in of the verdict the following proceedings were taken, as appears from the stenographer's minutes: 'Mr. Jones: I move that the verdict be set aside, and a new trial granted, upon the evidence taken during the trial and exceptions, on the ground that the verdict is contrary to evidence, contrary to law, against the weight of evidence, and for excessive damages. I move to set the verdict aside, and for a new trial, on those grounds, and on the case and exceptions taken. The Court: You may have a stay of forty days now and pending the motion. The stay will last until the motion is disposed of, and will be for forty days anyway. Mr. Goeller: Does that stay the entry of

judgment? The Court: This stays entry of judgment. It stays everything right where it is.' That on April 26, 1899, your deponent argued a motion for a new trial and to set aside the verdict, decision on which was reserved. On March 29, 1901, the defendants' attorneys were served with a bill of costs and notice of taxation, returnable on April 1, 1901, and that this was the first notice that your deponent or defendants' attorneys had that the said motion had been decided. That on March 30, 1901, your deponent had an examination made of records at the clerk's office of this court, and found that an opinion denying the said motions was filed on November 18. 1899. That no notice of the said decision ever appeared in the New York Law Journal, in which paper are printed the decisions of all the courts of record in the county of New York, nor was any notice ever given or received by the defendants' attorneys of such decision; and your deponent is informed by the attorney for plaintiff that he had no notice of the said decision until he wrote to Mr. Justice Wheeler in March of 1901, and received a reply that the said motion had been decided on November 18, 1899. That judgment was entered herein on April 9, 1901, and a copy thereof served upon the defendants' attorneys by mail on April 10, 1901. That on May 11. 1901, the defendants served their proposed bill of exceptions, and received admission of service thereof from the attorney for plaintiff. That on May 10, 1901, a bond on appeal was approved and filed, and on May 12, 1901, a writ of error was issued returnable June 8, 1901. That on June 4, 1901, notice of settlement of the proposed bill of exceptions, returnable before Mr. Justice Wheeler at Brattleboro, Vt., on June 8, 1901, was served on the attorney for plaintiff, and due admission of service thereof given, and that on June 5. 1901, settlement of the said proposed bill of exceptions was adjourned by written consent of both parties to June 14, 1901, same hour and place. That on the same day the return of the writ of error was extended by the circuit court of appeals ten days from June 8, 1901, and that on June 13, 1901, the return day of the writ of error was again extended by the circuit court of appeals to and including July 8, 1901. That on June 14, 1901, the original bill of exceptions, with notice of settlement, etc., were mailed to Mr. Justice Wheeler at Brattleboro, Vt. That before sending the bill of exceptions to Mr. Justice Wheeler for signature the defendants' attorneys asked the attorneys for plaintiff if they had any proposed amendments to make to the proposed bill of exceptions, and offered to extend their time to serve the same, and to adjourn the settlement of the bill of exceptions, and were told by Mr. Goeller, the counsel having charge of this case, that they had no amendments to propose. That from an examination of the records of the clerk of this court it is found that no order has been entered, signed, or filed upon the opinion denying the motions for a new trial or directing the entry of judgment, but that on April 9, 1901, judgment was entered without any such order or direction. That the opinion denying the motion for a new trial was not signed by the justice delivering the same, and that submitted herewith is a certified copy of the said opinion, with a further certificate of the clerk of the court that it is 'the only paper filed in the foregoing case on the 18th day of November, 1899'; and that from an examination of a copy of a letter written by the clerk of this court to Mr. Justice Wheeler and from a statement of the clerk of the court your deponent is advised and verily believes that no order denying the said motion for a new trial or for judgment has been signed, entered, or filed since said November 18, 1899, to date, or ever has been signed, entered, or filed in this action. That submitted herewith is a certified copy of the judgment roll in this action. That your deponent has been informed by the clerk of this court that Mr. Justice Wallace is in the country for the summer. That Mr. Justice Lacombe will not be in the city until the latter part of July; and that Mr. Justice Shipman, whose residence is in Hartford, Conn., is not in the city, and that, therefore, an order to show cause is asked for, returnable before Mr. Justice Wheeler at his chambers in Brattleboro, Vt., or at the court house in the city of New York, should he so determine, why the said judgment entered herein April 9, 1901, and all proceedings founded thereon, should not be vacated and set aside, and why an order should not be entered denying the said motion for a new trial, and directing the entry of judgment, and grant-

ing to the defendants a reasonable time in which to prepare and serve and procure to be allowed their bill of exceptions on the writ of error, and for such other relief as may seem proper, and pending such motion for a stay of all proceedings. That no application for this order has been made to any court or judge.                                             Herbert C. Smyth.

"Sworn to before me this 28th day of June, 1901.
                                  "Edwin A. Jones, Notary Public, New York County."

"County of New York—ss.: Edwin A. Jones, being duly sworn, deposes and says: That he is an attorney at law associated with the attorneys for the defendants in the above-entitled action. That on July 2, 1901, your deponent called on Mr. Justice Wheeler at Brattleboro, Vt., in relation to the application for this order, and Mr. Justice Wheeler then stated to your deponent that he doubted very much whether he had authority to sign an order while he was not within the Southern district of New York, and requested your deponent to make application for this order to Mr. Justice Brown, and authorized your deponent, after an examination of the papers, to say to Mr. Justice Brown that he requested him to grant the order to show cause, and that he make it returnable before Mr. Justice Lacombe; and that Mr. Justice Wheeler stated to your deponent that it was his usual custom to let matters referring to practice be decided by the judges resident in the district in which the question of practice arose. That the bill of exceptions submitted to Mr. Justice Wheeler has not as yet been settled, or ordered on file. That, except as above, no previous application for this order has been made to any court or judge.                                   Edwin A. Jones.

"Sworn to before me this 3d day of July, 1901.
                                  "John W. Hutchinson, Notary Public N. Y. Co."

Robert Goeller, for plaintiff.
Edwin A. Jones, for defendant.

THOMAS, District Judge. The entry of judgment herein without an order denying the motion for a new trial was improper practice, and has resulted in the inability of the trial judge to sign the bill of exceptions. Unless the parties can correct the error by suitable stipulation, or an order entered nunc pro tunc, the judgment must be vacated.